IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| NABORS INDUSTRIES, LTD., AND C&J ENERGY SERVICES, LTD., | § § § § § | C O M P L A I N T |
| | § § | JURY TRIAL DEMAND |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Adam Crews, Damon Parrish, Terence Smith, Tihiran Myers and other aggrieved African-American employees as well as other employees who engaged in protected activity, who were all adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Nabors Industries, Ltd. ("Nabors") and its then-subsidiary Nabors Completion and Production Services Co. ("NCPS"), subjected Black employees to a hostile work environment because of their race, Black, and subjected Black employees to disparate terms and conditions of employment based on race, Black. In addition, Defendant Nabors subjected employees to unlawful retaliation for engaging in protected activities including

opposing unlawful discrimination and participating in an EEOC investigation. The Commission also names C&J Energy Services, Ltd. a defendant as a successor to NCPS.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, and since at least January 1, 2011, Defendant Nabors has continuously been a Bermuda-based corporation doing business in the State of Texas, Atascosa County, and the City of Pleasanton, and has continuously had a least fifteen employees.

5. At all relevant times since at least January 1, 2011, until on or about March 24, 2015, NCPS was a subsidiary of Defendant Nabors, doing business in the State of Texas, Atascosa County, and the City of Pleasanton, and continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Nabors has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. In June 2014, Nabors and C&J Energy Services, Inc., executed a definitive merger agreement to combine C&J Energy Services, Inc. with NCPS, the completion and production services business of Nabors.

8. Under the terms of the transaction agreements, Nabors separated its completion and production services business in the United States and Canada from the rest of the operations and consolidated it under the new combined company, which was renamed "C&J Energy Services, Ltd."

9. The combining of businesses which led to the creation of C&J Energy Services, Ltd. was completed in March of 2015.

10. Nabors received well over $500 million in cash from C&J Energy Services, Inc. and millions of common shares of C&J Energy Services, Ltd. stock as a result of a transaction which led to the creation of C&J Energy Services, Ltd.

11. Nabors owns a majority of the outstanding and issued common shares of C&J Energy Services, Ltd. ("C&J Energy").

12. Since at least March 25, 2015, Defendant C&J Energy has continuously been a Bermuda-based corporation doing business in the State of Texas, Atascosa County, and the City of Pleasanton, and has continuously had a least fifteen employees.

## ADMINISTRATIVE PROCEDURES

13. More than thirty days prior to the institution of this lawsuit, Adam Crews, Duane Jewell, Damon Parrish, Terence Smith, and Tihiran Myers filed charges with the Commission alleging violations of Title VII by Nabors.

14. On December 19, 2014, the Commission issued to Nabors Letters of Determination finding reasonable cause to believe that Title VII was violated by Nabors and inviting Nabors to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. During 2015, the Commission engaged in communications, discussions and meetings with Nabors to provide Nabors the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16. C&J Energy was notified concerning the EEOC's findings of unlawful violations addressed in this lawsuit and concerning the status of the conciliation process regarding those findings.

17. On July 16, 2015, the Commission issued to Nabors a Notice of Failure of Conciliation advising Nabors that the Commission was unable to secure from Nabors a conciliation agreement acceptable to the Commission.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

19. Defendant Nabors has engaged in unlawful employment practices in its operations based in and around Pleasanton, Texas, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

a. Race-based Hostile Work Environment

Adam Crews, Duane Jewell, Damon Parrish, Terence Smith, Tihiran Myers and other Black employees of Nabors, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, and Michael Peltier, were subjected to a hostile work environment due to race, Black, through severe or pervasive, offensive and demeaning comments and behavior from employees, including supervisors and members of management, as in being addressed at work by employees of Nabors with racial slurs such as "nigger"; being exposed at work to offensive, racially derogatory social media images and material circulated by employees and managers at work; being exposed to racist graffiti, including racial slurs and derogatory drawings concerning Black persons at company facilities in and around Pleasanton, Texas; being referred to as members of the "colored crew" by employees and managers; and in some instances, being subjected to intimidation and physical threats by employees because of race, Black.

b. Role of Supervisory/Management in the Hostile Environment

Defendant Nabors' management and supervisory personnel had knowledge of the discriminatory conduct but allowed it to continue and actively participated in perpetuating the racially hostile environment. Defendant Nabors failed or refused to take prompt and effective remedial measures to prevent and correct the discriminatory conduct;

c. Race-Based Disparate Treatment in Terms and Conditions of Employment:

Defendant Nabors engaged in race discrimination against Charging Parties Adam Crews, Duane Jewell, Damon Parrish, Terence Smith and other Black employees including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, and Michael Peltier, by subjecting them to disparate treatment in the terms and conditions of employment. Black employees employed in and around Pleasanton, Texas, were being treated less favorably than non-Black employees with respect to duties, compensation and job assignments. Members of Nabors management intentionally excluded Black employees from field assignments based on race. Black employees lost substantial additional hours worked, and other compensation given for field assignments for which non-Black employees were given preference in assignment. Black supervisors, including Adam Crews and Ronald White were also subjected to disparate treatment in their terms and conditions of employment, in that their duties were decreased and they were not given the same level of authority to manage employees as White supervisors assigned to the same job. Ronald White also experienced race-based disparate treatment in terms and conditions with respect to opportunities of his crew to work on field assignments or projects.

5

d.  Race-based disparate treatment/discharge:

> Defendant Nabors engaged in race discrimination when it terminated Adam Crews and Damon Parrish from employment based on race.

20. **Unlawful Retaliation**

Since at least August 2012, Defendant Nabors engaged in unlawful employment practices at its facilities in and around Pleasanton, Texas, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it terminated Adam Crews and Damon Parrish's employment in retaliation for their complaints of race discrimination and retaliation. Defendant Nabors retaliated against Duane Jewell and Terence Smith by reducing work hours, assignments and compensation for reporting race discrimination to Defendant's management. Defendant Nabors retaliated against Michael Peltier by reducing his managerial authority and demoting him from his position as Operations Manager for opposing race discrimination, including reporting the discrimination to Nabors management. Defendant Nabors also retaliated against Trevor Corley by allowing him to be subjected to threats and intimidation by Nabors employees and limiting his work assignments and compensation for opposing race discrimination, reporting the discrimination to Nabors management and for participating in an EEOC investigation pertaining to Nabors, and ultimately constructively discharged Trevor Corley from employment.

21. The effect of the unlawful employment practices described in paragraphs nineteen (19) and twenty (20) above has been to deprive Adam Crews, Duane Jewell, Damon Parrish, Terence Smith, Tihiran Myers and other Nabors employees who were Black and/or engaged in protected activity, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier and Trevor Corley of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black, and/or for engaging in activities protected under Title VII.

22. The unlawful employment practices complained of in paragraphs nineteen (19) and twenty (20) above were intentional.

23. The unlawful employment practices complained of in paragraphs nineteen (19) and twenty (20) above were done with malice or with reckless indifference to the federally protected rights of Adam Crews, Duane Jewell, Damon Parrish, Terence Smith, Tihiran Myers and other Nabors employees who were Black and/or engaged in protected activities, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, and Trevor Corley.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Nabors and C&J Energy, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on race, Black, and from engaging in any other employment practices which discriminate on the basis of race;

B. Grant a permanent injunction enjoining Defendants Nabors and C&J Energy, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the Title VII;

C. Order Defendants Nabors and C&J Energy to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendants Nabors and C&J Energy to make whole Adam Crews, Damon Parrish, Terence Smith, and other Nabors employees who were Black and/or engaged in


protected activities, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier and Trevor Corley, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs nineteen (19) and twenty (20) above, in amounts to be determined at trial;

  E. Order Defendants Nabors and C&J Energy to make whole Adam Crews, Damon Parrish, Terence Smith, Tihiran Myers, and other Nabors employees who were Black and/or engaged in protected activity, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, and Trevor Corley, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practice complained of in paragraphs nineteen (19) and twenty (20) above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial;

  F. Order Defendants Nabors and C&J Energy to pay Adam Crews, Damon Parrish, Terence Smith, Tihiran Myers, and other Nabors employees who were Black and/or engaged in protected activity, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, and Trevor Corley, punitive damages for engaging in discriminatory practices with malicious or reckless indifference to their federally protected rights, as described in paragraphs nineteen (19) and twenty (20) above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and,

  H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert Canino

---

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Edward Juarez

---

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498

---

DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Dallas District Office,
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:   (210) 281-7619
Facsimile:   (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**