# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
National Contact Center:  (800) 669-4000
National Contact Center TTY:  (800) 669-6820
San Antonio Status Line:  (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-7690

Dallas District Office
    San Antonio Field Office
    El Paso Area Office

June 9, 2017

James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM
808 Travis Street, 20th Floor
Houston, Texas 77002

     RE:    *EEOC v. Nabors Industries, Ltd. et. al.*
             Civil Action No.:  5:16-cv-00758-FB-JWP

Dear Mr. Cleary:

Attached please find the following:

1. Plaintiff's Amended Responses and Objections to Defendant's Interrogatories and Request for Production; and
2. Plaintiff non-privileged supplement documents pursuant to FED.R.CIV.P. 26 of information that became available during the course of discovery bate-stamped number 003728 - 003787.

Sincerely,

David Rivela
Senior Trial Attorney

Attachments

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  5:16-cv-00758-FB-JWP |
| NABORS INDUSTRIES LTD., AND C&J ENERGY SERVICES, LTD., | § § § | |
| Defendants. | § § § | |

---

## PLAINTIFF EEOC'S AMENDED ANSWERS AND OBJECTIONS TO DEFENDANT C&J WELL SERVICES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW Plaintiff, Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule CV-33, provides the following amended responses and objections to Defendant, C&J Well Services, Inc.'s ("Defendant") First Set of Interrogatories to Plaintiff. Plaintiff will supplement responses in accordance with Federal Rule of Civil Procedure 26(e).

### I.

### GENERAL OBJECTIONS

Any objection, exemption or claim of privilege asserted will be described in detail with respect to each interrogatory, request, or subpart.

1.  Attorney-Client Privilege:

The Plaintiff asserts the attorney-client privilege with regard to communications between the agency and its attorneys, and with regard to communications between Plaintiff attorneys and

claimants (in this case, Adam Crews, Damon Parrish, Terence Smith, Tiharan Myers, Duane Jewell, Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, Trevor Corley) after a letter of determination has been issued. To the extent that any discovery request by Defendant intrudes upon the attorney-client privilege, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

2.      Request for Work Product/Material Prepared in Anticipation of Litigation:

To the extent that any discovery request by Defendant seeks information or documents prepared in anticipation of litigation, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

3.      Deliberative Thought Process Privilege:

The deliberative thought process privilege shields from disclosure information and "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981). The Fifth Circuit Court of Appeals has recognized that the deliberative thought process privilege applies to the Equal Employment Opportunity Commission's internal deliberative materials. *See id.* To the extent that any discovery request by Defendant intrudes upon the deliberative thought process privilege, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

4.      Unreasonably Cumulative, Duplicative or Burdensome Request:

Disclosures made pursuant to the revised Federal Rule of Civil Procedure 26 are "the functional equivalent of court-ordered interrogatories." *See* Advisory Committee Notes on 1993 Amendments to Rule 26. The purpose of the 1993 Amendments to Rule 33 of the Federal Rules of Civil Procedure is to "reduce the frequency and increase the efficiency of the interrogatory process." Indeed, "[b]ecause Rule 26(a)(1)(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." *See* Advisory Committee Notes on 1993 Amendments to Rule 33. To the extent that any discovery request by Defendant contravenes the purpose or letter of the revised discovery rules or is made to elicit information or documents already provided through voluntary disclosures, or to elicit summaries of information or documents provided therein, Plaintiff objects to such discovery.

5.    Statutory Prohibition on Release of Conciliation Documents:

To the extent that any discovery request by Defendant controverts the statutory prohibition on release of conciliation documents, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

6.    Physician-Patient Privilege:

To the extent that any discovery request by Defendant intrudes upon the physician-patient privilege or the federal common law privilege that protects psychotherapist-patient communications, Plaintiff objects to such discovery. *See Jaffee v. Redmond*, 518 U.S. 1, 9-10 (1996). All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

7.    Common Interest Rule:

3

Because the Plaintiff and a private citizen for whom the Plaintiff is attempting to recover monetary relief attributed to discrimination share common interests with respect to prosecution of the Plaintiff's claims, the attorney-client privilege is essentially a joint prosecution privilege that extends to communications between a party and the attorney. *See EEOC v. Chemtech International Corp.*, 1995 WL 608333 (S.D. Tex) (*citing Bauman v. Suchard*, 136 F.R.D. 460, 462 (N.D. Ill. 1990)).

## II.

## RESPONSE TO INTERROGATORY

**INTERROGATORY NO. 1:**     For each of the Individuals Represented, please state his full name (and all other names by which  he is known or have been known), present residence address, business address, occupation, date  and place of birth, social security number and driver's license number.

**RESPONSE:**          Plaintiff responds pursuant to Federal Rule of Civil Procedure 33(d) that the information requested may be ascertained from the non-privileged portions of the EEOC investigative file produced to Defendant by way of Plaintiff's Initial Disclosures. With respect to the social security numbers and drivers license numbers of the claimants, that information is already in the possession of the Defendant, in that it was included in payroll and personnel files maintained by Defendant. Plaintiff refers Defendant to Plaintiff's Initial Disclosures which lists the following individuals and their current addresses and phone numbers.

Adam Crews
2526 Platinum Chase Drive
Rosharon, Texas 77583
(979) 319-5850
(979) 799-6929

Tihiran Myers
2759 Queensberry Drive
Huntingtown Md. 20639
(210) 860-6606

Damon Parrish
2127 Chelsea Vale Drive
Fresno, Texas 77545
(281) 709-8550

4

(281) 515-2456

Terence Smith
9125 Doane Ave
Las Vegas NV 89143
(210) 452-1916

Trevor Corley
3301 North First Street
Apt. 7k
Durant OK 74701
(580) 740-1739

Chris Ibezim
7804 Decoy Dr.
Arlington, TX 76002-4543

Michael Peltier
102 Briarwood Dr.
Lafayette, LA 70501-2318

Harold Taylor
11710 Wayward Daisy
San Antonio, Texas 78245-2470
(210) 530-8425

Gary Watson
3257 Bert Kouns Industrial Loop
Apt. 4103
Shreveport La. 71118
(318) 780-4296

Ronald White
5718 Bypass Trail
San Antonio Texas 78244
(318) 525 6496

**INTERROGATORY NO. 2:** Describe all communications each of the Individuals Represented had with Defendants or any person representing Defendants concerning his claims made the basis of this proceeding, and include in the answer the following information:

  a)  The date of communication;
  b)  The participants in or witnesses to the communication; and
  c)  The substance of the communication.

**RESPONSE:**     The EEOC objects in that this interrogatory is unreasonably cumulative and duplicative since Defendant already has the information requested—communications with Defendant or any person representing Defendant. During the EEOC's investigation, Defendant's representative disclosed to the EEOC that claimants and other witnesses were interviewed by Defendant's management and human resources officials.  Some records addressing those communications were produced to the EEOC by representatives of C&J and Nabors subsidiaries during the EEOC's investigation pertaining to this lawsuit. However, C&J and Nabors representatives refused to produce records of investigations in which claimants were interviewed and provided statements to Respondent. Defendant's representative refused to disclose the documentation created by Defendant regarding those interviews because some claimants had filed EEOC charges during 2012.  Without access to that material, the EEOC is unable to fully respond to this request.  The EEOC will be seeking those documents from Defendant in discovery and will supplement once that relevant material has been produced by Defendant.

Notwithstanding the EEOC's objections, pursuant to Federal Rule of Civil Procedure 33(d), the EEOC refers Defendant to Plaintiff's Rule 26 Initial Disclosures in answering this interrogatory. Responsive information concerning communications between claimants and Respondent known to the EEOC are documented in the copy of the EEOC's investigation file that has been produced by the EEOC as part of the EEOC's Rule 26 disclosures. The EEOC investigation file (minus privileged documents) is being produced to Defendant as part of the EEOC's Rule 26 Initial Disclosures.

In general, a number of claimants spoke with management and human resources officials concerning allegations of discrimination regarding employees and management assigned to Nabors Completion and Production Services in Pleasanton, Texas during 2012.  Charging Parties Terence Smith, Damon Parrish, Tihiran Myers and claimant Trevor Corley during 2012 all spoke with management at some point concerning allegations of discrimination.

Corley was called in by John Lewis to speak with him and other executive management officials who participated by phone from Houston, Texas regarding race discrimination allegations and threats made to Corley by employees of Defendant for reporting discrimination during October 2012. Corley was subsequently interviewed by members of Defendant's human resources and management, which was witnessed by an attorney for Nabors Corporate Services. Tracee Quinnell and Deidra Nguyen were also present and conducted the interview.  Corley did provide a written statement. His interview was also recorded. Records of those interviews are in Defendant's possession and have not been turned over to the EEOC.

6

Additionally, claimants, including Terence Smith and Gary Watson, recall reporting race discrimination against black employees to John Lewis during an open meeting with crew and other managers in Pleasanton, Texas during 2012. Watson was later interviewed by Deidre Nguyen. The interview was recorded. Defendant has records regarding the date of the meeting and specifics of who was present and what was discussed during the meetings.

Michael Peltier was interviewed by Deidre Nguyen at some point during his employment regarding discrimination allegations in Pleasanton, Texas, including allegations against James Hacker. What was discussed during those communications is documented in records which are under Defendant's control.

Ronald White was interviewed by representatives from human resources concerning allegations made against James Hacker, which was likely during 2012. He believes Deidre Nguyen interviewed him. What was discussed during those communications is documented in records which are under Defendant's control.

Adam Crews reported race discrimination to Chris Jones and James Hacker during his employment with Defendant during 2012. He recalls reporting to Jones that Doug Vivis had used racial slurs against him in front of employees and management, and nothing was done. He also reported to James Hacker that an employee, Daniel Lay, had threatened him with violence. Crews let Hacker know that there was a race problem at the workplace. Crews also requested from an office employee to provide the human resources contact number in Houston before he went to speak with James Hacker about the incident with Lay. Crews was called in to meet with Hacker and Deidre Nguyen after reporting the incident to Hacker. Nguyen informed Crews of his termination with Hacker present during that meeting.

Crews also reported discrimination to Defendant's corporate human resources office after being terminated. Defendant has records regarding the specific dates of meetings and discussions held with Crews and the specifics of who was present and what was discussed during the meetings.

Tihiran Myers recalls raising concerns over discrimination against black employees in Pleasanton, Texas to quality assurance representatives sent by Nabors to evaluate the Pleasanton, Texas district during 2012, days before being terminated by Nabors Completion and Production Services Company.

7

**INTERROGATORY NO. 3:**          For each of the Individuals Represented, has he ever been convicted of or plead guilty to a crime, felony or misdemeanor?  If so, describe the offense and the sentence.

**RESPONSE:**          The EEOC objects that the information requested is already in the possession and control of Defendant.  Claimants were subjected to criminal history background checks as part of their employment application process, as indicated by their personnel files produced to the EEOC during the EEOC's investigation.

The EEOC objects as to relevance. Defendant was aware of any criminal charges and convictions of claimants at the time of their application process and yet still hired all the claimants.  Therefore, prior criminal conviction history is not a material fact and has no bearing on this case.

The EEOC also objects to this interrogatory as being overbroad and irrelevant to the extent it seeks information concerning all misdemeanor convictions, regardless of the charges and elements of the crime.  With respect to impeachment at trial, according to Federal Rules of Evidence 609, evidence that a witness has been "convicted" of a crime shall be admitted, subject to Rule 403, if the elements of the crime were punishable by death or imprisonment in excess of one year under the law under which the witnesses was convicted or establishing the elements of the crime required proof or an admission of an act of dishonesty or false statements by the witness, and if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. For convictions over ten years old, the probative value must "substantially" outweigh the prejudicial effect in order for it to be admissible for impeachment.

Subject to and without waiving said objection, after review, the EEOC has not found the existence of any convictions for felony charges or for crimes which require proof or an admission of an act of dishonesty or false statements by the witness for any of the identified claimants.

**INTERROGATORY NO. 4:**          Please state whether you intend to impeach Defendants or any of Defendants' witnesses with evidence of a criminal conviction. If so, please describe such evidence by giving the name of the  accused, the nature of the crime, and the date of the conviction.

**RESPONSE:**          Plaintiff responds that it does not have within its control, custody or possession any information responsive to this request at this time.  As discovery continues, Plaintiff will supplement its response in accordance with FED.R.CIV.P. 26. should such information become known to Plaintiff.

**INTERROGATORY NO. 5:**        Please list by date, company, job position, and pay level, all employment for which each of the Individuals Represented applied since his departure from CJWS.

**RESPONSE:**        Pursuant to FED.R.CIV.P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings covering the period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations.

Adam Crews was hired by Priority Coiled Tubing in Victoria, Texas, on or about October 1, 2012, to serve as a crew supervisor. Crews was compensated at $6000 per month with a $600 day rate. He was laid off during July 2013.

Crews was hired by Integrated Production Services in Victoria, Texas on or about July 26, 2013 as a crew supervisor and was compensated at a rate of pay of $6500 per month and a $600 day rate. Crews was laid off on February 9, 2015.

During 2015, after being laid off by Integrated Production Services, during the middle of a downturn in the oil industry, Crews purchased a truck and began driving for income, as he held a commercial driver's licenses. He earned approximately $56,000, 73,300, and 52,000 through self-employment during 2015, 2016, and 2017, respectively.

Damon Parrish:

Damon Parrish applied for employment with Frachtech International in Pleasanton, Texas soon after being terminated by Nabors. He was hired during 2012 as a fracking technician. He worked at Frachtech International from September 2012 until December 2013. His rate of pay was $20 per hour.

9

During January 2014, Mr. Parrish went to work for Patterson UTI after they offered him a higher rate of pay than at Frachtech International. He was employed as a fracking technician with Patterson UTI in Pleasanton, Texas from January 2014 until March 2015.

During March 2015, Mr. Parrish began working for Triple AAA Cooper as a truck driver in Houston, Texas. He earns $24.75 per hour.

Trevor Corley:

After his employment with Nabors ended, Corley was hired by Cetco Energy on or about May 17, 2014, where he worked as a coiled tubing equipment operator. During 2016, his job was transformed into a contractor position. He became a self-employed contractor for Ameriflow Energy where he was paid at a day rate of $500. On or about December 2016, he took a job with Oklahoma Steel and Wire in Medill Oklahoma, where he is currently employed. His current job pays $14 per hour. With production bonuses, he earns, on average, about $25 per hour.

**INTERROGATORY NO. 6:**       Please list by date, action number, name of parties, nature of action, and disposition of action, any and all claims, charges of discrimination or lawsuits, civil or criminal, which each of the  Individuals Represented have filed or which have been filed on his behalf, and/or to which you  have been named a party or in which you have testified.

**RESPONSE:**       Plaintiff objects to the extent that Defendant's interrogatory is overly broad, unduly burdensome, vague, and not calculated to lead to the discovery of admissible evidence. This interrogatory seeks information not related to the complaint and/or charge which forms the basis for this civil action. Plaintiff objects, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure and Rule 402 of the Federal Rules of Evidence, as this Interrogatory does not call for information relevant to the subject matter, including any claim or defense, of this pending civil action, and the discovery of which will not likely lead to discovery of any evidence that is relevant.

Specifically, the EEOC objects to the request in that it seeks identification and information concerning cases to which "you" (meaning the plaintiff EEOC) has been named a party. That information is not relevant to this lawsuit. The EEOC also objects to inquiries concerning charges of discrimination involving the claimants which do not relate to this lawsuit and which have been filed involving parties other than the Defendant. With respect to charges of discrimination, the EEOC is prohibited by law from disclosing any information concerning a charge or the information contained during the investigation of a charge of employment discrimination under Title VII prior to the institution of any proceeding

10

under the ADA or Title VII. 29 C.F.R. § 1601.22. Therefore, the names of Respondents other than Defendant who have been named in such charges of discrimination and the allegations and findings of those investigations cannot be lawfully disclosed by the EEOC as part of this lawsuit.

As to lawsuits which the Individuals Represented have filed or have been filed on their behalf, the EEOC responds below:

Adam Crews:

Adam Crews was a claimant in separate collective action cases filed for violations of the Fair Labor Standards Act against Coiled Tubing Services and Legend Coiled Tubing. Mr. Crews was represented by Clark Woodson of Angleton, Texas in the case against Coiled Tubing Services filed in Houston, Texas. Mr. Woodson may also have represented him in the case filed against Legend Coiled Tubing. Both cases were resolved through a settlement. The Coiled Tubing Services case settled during 2015. Mr. Crews does not know the year that the case against Legend Coiled Tubing was settled.

Trevor Corley:

Trevor Corley's divorce proceedings were initiated in Delta County, 62nd District Court, on January 13, 2015. The case number was 10845. The case was closed on January 26, 2016.

Trevor Corley was also a claimant in a collective action brought under the Fair Labor Standards Act against his former employer, Cetco alleging violations for unpaid overtime. He received approximately $1200 as part of a settlement. He does not know the case number or where the case was filed.

Damon Parrish:

None.

Gary Watson:

Gary Watson was a claimant in separate collective action cases filed for violations of the Fair Labor Standards Act against two former employers, High Capacity and Cetco. Mr. Watson believes the cases were filed in Corpus Christi, Texas. The cases both settled. He never testified in either case.

Chris Ibezim:

11

None.

Terence Smith:

None.

Michael Peltier:

None.

Ronald White:

None.

Howard Taylor:

The EEOC is verifying whether lawsuits have been filed by Howard Taylor on his behalf.

**INTERROGATORY NO. 7:**    Identify all sources of income, from date of termination of employment from CJWS to the present, including, but not limited to, unemployment payments, for each of the Individuals Represented.

**RESPONSE:**    Pursuant to FED.R.CIV.P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations.

Plaintiff also objects to the relevance of this interrogatory. Disability income, insurance proceeds, workers' compensation, and unemployment

12

compensation are considered benefits received from a party independent from the wrongdoer and should not be deducted from damages that the wrongdoer is otherwise compelled to pay.

Under the "collateral source rule," offsets from employment discrimination awards are generally not deducted for benefits such as social security and unemployment compensation. *See Dominguez v. Tom James Co.,* 113 F.3d 1188, 1191 (11th Cir, 1997); *Guthrie v. JC Penney Co., Inc.,* 803 F.2d 202, 209 (5th Cir. 1986) (social security payments received not to be deducted); *Marshall v. Goodyear Tire and Rubber Co.,* 554 F2d. 730, 736 (5th Cir. 1977) (no offsets for collateral source benefits); *Peters v Missouri Pac. RR,* 3 FEP Cas (BNA) 792 (ED Tex. 1971), *aff'd on other grounds,* 483 F.2d 490 (5th Cir.), *cert denied,* 414 US 1002 (1973).

In responding to this interrogatory, pursuant to Fed.R.Civ.P.26(d), the EEOC designates the Form W2's produced for Corley, Crews and Parrish as being responsive to this interrogatory. *See* Documents bates-stamped EEOC 003743 - EEOC 003751. No claimants have received disability benefits. As to unemployment benefits, Mr. Crews, Mr. Corley and Mr. Parrish did not receive any unemployment benefits after employment with Nabors.

**INTERROGATORY NO. 8:**      You are claiming damages on behalf of the Individuals Represented for mental anguish allegedly suffered as a result of the incidents made the basis of this lawsuit. Please identify every medical doctor, psychiatrist, or other practitioner of the health profession with whom the Individuals Represented have consulted, sought treatment or received treatment for his alleged emotional distress, as well as the diagnosis, and the treatment recommended or prescribed.

**RESPONSE:**      None of the identified claimants have consulted, sought treatment or received treatment for emotional distress or mental anguish resulting from the discrimination and unlawful employment practices alleged in the EEOC's lawsuit.

**INTERROGATORY NO. 9:**      List all jobs that each of the Individuals Represented have held since his employment with CJWS was terminated. Include in your answer any period of self-employment, the name of each employer, the dates of employment with each employer, job classification, rate of pay and the reason for leaving each position.

**RESPONSE:**      Pursuant to FED.R.CIV.P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

13

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings covering the period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations. The EEOC adopts its answer to Interrogatory No. 5 in answering this interrogatory.

**INTERROGATORY NO. 10:**       For each of the Individuals Represented, state the amount of wages earned or compensation paid by any employer (including self-employment) since his employment with CJWS was terminated, and the period of time those wages or compensation covered.

**RESPONSE:**            The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings covering the period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations. The EEOC adopts its answer to Interrogatory No. 5 in answering this interrogatory.

In responding to this interrogatory, pursuant to Fed.R.Civ.P.26(d), the EEOC designates the Form W2's produced for Corley, Crews and Parrish as being responsive to this interrogatory. *See* Documents bates-stamped EEOC 003743- EEOC 003751. The EEOC has produced all Form W2's covering the period since employment with Nabors ended for Corley, Crews and Parrish.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO

14

Regional Attorney
Oklahoma State Bar No. 011782

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
Email: eduardo.juarez@eeoc.gov

_____
DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF EEOC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 9th day of June 2017 to the following counsel of record:

James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
1808 Travis Street, 20th Floor
Houston, Texas 77002

❏ Electronic Transmission
❏ Facsimile Transmission
❏ Certified Mail, RRR
❏ U.S. First Class Mail
☑ Email Transmission

_____
DAVID RIVELA

15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 5:16-cv-00758-FB-JWP |
| NABORS INDUSTRIES LTD., AND C&J ENERGY SERVICES, LTD., | § § § | |
| Defendants. | § § § | |

## PLAINTIFF EEOC'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT C&J WELL SERVICES, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW Plaintiff, Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, provides the following amended objections and responses, to Defendant, C&J Well Services, Inc.'s ("Defendant") First Request for Production to Plaintiff. Should additional, non-privileged information become available, Plaintiff will use its best efforts to supplement responses within a reasonable period of time in accordance with Federal Rule of Civil Procedure 26.

## I.

## GENERAL OBJECTIONS

Any objection, exemption or claim of privilege asserted will be described in detail with respect to each document request, or subpart.

1.    Attorney-Client Privilege:

The Plaintiff asserts the attorney-client privilege with regard to communications between the agency and its attorneys, and with regard to communications between Plaintiff attorneys and

claimant (in this case, Adam Crews, Damon Parrish, Terence Smith, Tiharan Myers, Duane Jewell, Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, Trevor Corley) after a letter of determination has been issued. To the extent that any discovery request by Defendant intrudes upon the attorney-client privilege, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      2.    <u>Request for Work Product/Material Prepared in Anticipation of Litigation:</u>

To the extent that any discovery request by Defendant seeks information or documents prepared in anticipation of litigation, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      3.    <u>Deliberative Thought Process Privilege:</u>

The deliberative thought process privilege shields from disclosure information and "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981). The Fifth Circuit Court of Appeals has recognized that the deliberative thought process privilege applies to the Equal Employment Opportunity Commission's internal deliberative materials. *See id.* To the extent that any discovery request by Defendant intrudes upon the deliberative thought process privilege, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      4.    <u>Unreasonably Cumulative, Duplicative or Burdensome Request:</u>

Disclosures made pursuant to the revised Federal Rule of Civil Procedure 26 are "the functional equivalent of court-ordered interrogatories." *See* Advisory Committee Notes on 1993 Amendments to Rule 26. The purpose of the 1993 Amendments to Rule 33 of the Federal Rules of Civil Procedure is to "reduce the frequency and increase the efficiency of the interrogatory process." Indeed, "[b]ecause Rule 26(a)(1)(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." *See* Advisory Committee Notes on 1993 Amendments to Rule 33. To the extent that any discovery request by Defendant contravenes the purpose or letter of the revised discovery rules or is made to elicit information or documents already provided through voluntary disclosures, or to elicit summaries of information or documents provided therein, Plaintiff objects to such discovery.

5.    Statutory Prohibition on Release of Conciliation Documents:

To the extent that any discovery request by Defendant controverts the statutory prohibition on release of conciliation documents, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

6.    Physician-Patient Privilege:

To the extent that any discovery request by Defendant intrudes upon the physician-patient privilege or the federal common law privilege that protects psychotherapist-patient communications, Plaintiff objects to such discovery. *See Jaffee v. Redmond*, 518 U.S. 1, 9-10 (1996). All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

7.    Common Interest Rule:

Because the Plaintiff and a private citizen for whom the Plaintiff is attempting to recover monetary relief attributed to discrimination share common interests with respect to prosecution of the Plaintiff's claims, the attorney-client privilege is essentially a joint prosecution privilege that extends to communications between a party and the attorney. *See EEOC v. Chemtech International Corp.*, 1995 WL 608333 (S.D. Tex.) (*citing Bauman v. Suchard*, 136 F.R.D. 460, 462 (N.D. Ill. 1990)).

## II.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**      All diaries, journals, notes, calendars, appointment books, scrapbooks, compilations, summaries or chronologies of events maintained by you and/or any of the Individuals Represented, which contain entries relative to employment with Defendants or to the allegations and request for damages contained in the Lawsuit.

**RESPONSE:**      Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent it seeks documents drafted by EEOC attorneys and EEOC personnel in anticipation of litigation which constitute attorney work product, as well as confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced to Defendant a copy of the EEOC investigative file for the charges which were the basis of the EEOC's lawsuit against defendant (minus privileged documents) as part of its Rule 26 disclosures. *See* Documents bates-stamped 000001 - EEOC 003169. Withheld documents are addressed in an accompanying privilege log along with the disclosures. The EEOC's other disclosures also include the documents responsive to this request which it received from the claimants and identified class members.

**REQUEST FOR PRODUCTION NO. 2:**      All charges, forms, memoranda, correspondence and other documents relating to any complaints, charges, claims, inquiries, or requests, filed or reported by any Individuals Represented that relate to Defendants or any related person or entity, including, documents pertaining to the pursuit and/or a receipt of unemployment compensation, workers' compensation or other governmental benefits.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent it seeks documents drafted by EEOC attorneys and EEOC personnel in anticipation of litigation which constitute attorney work product, as well as confidential communications between the EEOC's counsel, Charging Parties, identified class members and claimants' counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

The EEOC also objects that the request is unreasonably cumulative, duplicative, and thus unduly burdensome, and does not describe with reasonable particularity what is being requested by Defendant, and is overbroad in that it is not limited by temporal scope or subject matter and does not describe with reasonable particularity what is being requested by Defendant. Information concerning unemployment compensation, workers' compensation or other governmental benefits received by the claimants prior to termination by Defendant is not relevant to this lawsuit in that it has no bearing on the question of mitigation and is not probative of the issues being raised in this lawsuit.

Plaintiff also objects to the relevance of collateral source income such as disability income, insurance proceeds, workers' compensation, and unemployment compensation, which are considered benefits received from a party independent from the wrongdoer and should not be deducted from damages that the wrongdoer is otherwise compelled to pay. Under the "collateral source rule," offsets from employment discrimination awards are generally not deducted for benefits such as social security and unemployment compensation. *See Dominguez v. Tom James Co.*, 113 F.3d 1188, 1191 (11th Cir, 1997);*Guthrie v. JC Penney Co., Inc.,* 803 F.2d 202, 209 (5th Cir. 1986) (social security payments received not to be deducted); *Marshall v. Goodyear Tire and Rubber Co.*, 554 F2d. 730, 736 (5th Cir. 1977) (no offsets for collateral source benefits); *Peters v Missouri Pac. RR,* 3 FEP Cas (BNA) 792 (ED Tex. 1971), *aff'd on other grounds,* 483 F.2d 490 (5th Cir.), *cert denied,* 414 US 1002 (1973).

Notwithstanding these objections, the EEOC will respond as to Corley, Crews, and Parrish, for whom the EEOC has alleged unlawful discharge or constructive discharge claims against Defendants. None of these individuals has received collateral income such as unemployment benefits or social security benefits after their employment with Nabors Completion and Production Services Company ended.

**REQUEST FOR PRODUCTION NO. 3:**        Documents   regarding,   concerning   or otherwise relating to employment with Defendants, including, but not limited to, personnel documents, handbooks, correspondence, memoranda,  handwritten or typed notes, payroll

records, tape recordings, e-mails, computer files, job descriptions and documents reflecting job classification.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent it seeks documents drafted memoranda and notes of EEOC attorneys and EEOC personnel created in anticipation of litigation which constitute attorney work product, documents protected from disclosure under the deliberative process privilege, as well as confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

Plaintiff also objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome, and does not describe with reasonable particularity what is being requested by Defendant. It should also be noted that most of the personnel documents requested by Defendant for the claimants are already in Defendant's possession. Such information was stored in personnel files which were produced to the EEOC during the EEOC's investigation.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of this lawsuit, minus privileged documents, as part of its Rule 26 disclosures. The EEOC has also forwarded all responsive documents received by the EEOC from the claimants which were not part of the EEOC charge files.

**REQUEST FOR PRODUCTION NO. 4:**        Documents provided to you by the Individuals Represented.

**RESPONSE:**        The EEOC objects to the extent it seeks documents which constitute confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule and protected from disclosure as attorney work product.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of this lawsuit, minus privileged documents, as part of its Rule 26 disclosures. The EEOC has also forwarded all responsive documents received by the EEOC from the claimants which were not part of the EEOC charge files.

6

**REQUEST FOR PRODUCTION NO. 5:**          Correspondence sent to you by Individuals Represented.

**RESPONSE:**          The EEOC objects to the extent it seeks documents which constitute confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule and protected from disclosure as attorney work product.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of this lawsuit, minus privileged documents, as part of its Rule 26 disclosures. The EEOC has forwarded all non-privileged correspondence received by the EEOC from the claimants.

**REQUEST FOR PRODUCTION NO. 6:**          Letters, memoranda, brochures, or any written materials in your possession that you received or otherwise obtained from Defendants, including its employees, agents or representatives and relevant to the any allegations or request for damages contained in your Lawsuit.

**RESPONSE:**          Plaintiff objects to the extent that this request seeks information that is protected from disclosure as confidential attorney work product. Notwithstanding this objection, the EEOC objects to the extent it seeks documents which constitute confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of this lawsuit, minus privileged documents, as part of its Rule 26 disclosures. The EEOC has also forwarded all responsive documents received by the EEOC from the claimants which were not part of the EEOC charge files. All responsive documents received or obtained from defendants have been produced to Defendant.

**REQUEST FOR PRODUCTION NO. 7:**          All correspondence, communications, documents, pictures, audio or video recordings, or other tangible items between or among you, Individuals Represented and/or current or former employees of Defendants or third parties, including any e-mails, computer files, or audio or video recordings and transcriptions thereof relating to the allegations made the basis of the Lawsuit.

**RESPONSE:**     Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome, and does not describe with reasonable particularity what is being requested by Defendant.

The EEOC objects to the extent it seeks documents which constitute confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

Plaintiff objects to the extent that this request seeks information that is protected from disclosure as confidential attorney work product.

Subject to and without waiving said objections, Plaintiff states as follows: The Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of this lawsuit, minus privileged documents, as part of its Rule 26 disclosures. The EEOC has also forwarded all responsive, non-privileged documents received by the EEOC from the claimants which were not part of the EEOC charge files.

**REQUEST FOR PRODUCTION NO. 8:**     All   documents   that   relate   to   their employment and/or job performance of the Individuals   Represented for five (5) years prior to their application for employment with Defendants,   including but not limited to job descriptions, job duties, evaluations, correspondence, awards,   certificates, disciplinary notices, warnings, notes, e-mails and memoranda.

**RESPONSE:**     Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case.

Defendant was already aware of prior work history and prior job performance of claimants before hiring the claimants. Personnel files produced by Defendant during the EEOC's investigation show that all employees of Defendant, including the claimants, were hired by Defendant after submitting an application of employment which detailed their employment history, and after undergoing a background check which specifically covered employment verifications. Prior employment history is not a material issue raised as a defense in this case, and is irrelevant.

**REQUEST FOR PRODUCTION NO. 9:**     Any   non-privileged   statement(s)   made regarding the factual and legal allegations against   Defendants including any written statements signed or otherwise adopted or approved by you in   any stenographic, mechanical, electronic or

other type of recording or any transcription thereof made by you and contemporaneously recorded. This request specifically includes e-mails and tape or audio-recordings of any such statement(s) as well as any intake questionnaires.

**RESPONSE:**          Plaintiff has produced a copy of the EEOC investigative files for the charges made the basis of the EEOC's lawsuit, minus privileged documents, as part of its Rule 26 disclosures. All non-privileged statements in the possession of the EEOC have been produced to Defendant by the Plaintiff.

**REQUEST FOR PRODUCTION NO. 10:**          All documents relating to employment and other source(s) of income that each of the Individuals Represented sought or obtained beginning on the cessation of their employment with Defendants through the present, including, but not limited to, applications, résumés, written offers of employment, correspondence, proposed contracts or written agreements, diaries, logs, calendars, appointment books, or other summaries or chronologies of events relating or referring to your efforts to seek or maintain employment or other source(s) of income. Please designate and separate these documents for each individual.

**RESPONSE:**          Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overly broad, unreasonably cumulative, duplicative and unduly burdensome and is not proportional to the needs of the case. Plaintiff further objects to the relevance of this request. Unemployment compensation, Disability income, insurance proceeds, and workers' compensation are considered benefits received from a party independent from the wrongdoer and should not be deducted from damages that the wrongdoer is otherwise compelled to pay. Under the "collateral source rule," offsets from employment discrimination awards are generally not deducted for benefits such as social security and unemployment compensation. *See Dominguez v. Tom James Co.*, 113 F.3d 1188, 1191 (11th Cir, 1997);*Guthrie v. JC Penney Co., Inc.*, 803 F.2d 202, 209 (5th Cir. 1986) (social security payments received not to be deducted); *Marshall v. Goodyear Tire and Rubber Co.*, 554 F2d. 730, 736 (5th Cir. 1977) (no offsets for collateral source benefits); *Peters v Missouri Pac. RR*, 3 FEP Cas (BNA) 792 (ED Tex. 1971), *aff'd on other grounds,* 483 F.2d 490 (5th Cir.), *cert denied,* 414 US 1002 (1973).

The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not

seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations.

Earnings information:

The EEOC is producing the Form W2's produced for Corley, Crews and Parrish as being responsive to this response. No claimants have received disability benefits or unemployment benefits after employment with Nabors.

Fringe benefits:

Mr. Crews did not receive any fringe benefits in his subsequent employment. As such there are no responsive documents to this request which pertain to Mr. Crews.

Mr. Corley only received fringe benefits while working for Cetco. He has attempted to request a summary of his fringe benefits through Cetco; however, to date, Cetco has been unable or unwilling to provide that information to Mr. Corley. He does not have any other responsive documents.

Mr. Parrish receives contributions to a 401k profit sharing plan through his current employer. This is the only added employment benefit he has received with any of his employers after being terminated by Defendant. The EEOC is producing a copy of the summary of the value of his 401k profit sharing account in response to this request. (EEOC 003769).

**REQUEST FOR PRODUCTION NO. 11:**        All offer letters, job application forms, employment contracts, proposals, documents, records, or other printed or written materials pertaining to internships, employment compensation, benefits or wages offered to the Individuals Represented by any persons, firm or business beginning on the cessation of their employment with Defendants through the present. Please designate and separate these documents for each individual.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overly broad, unreasonably cumulative, duplicative and unduly burdensome and is not proportional to the needs of the case. The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While subsequent employment information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not

10

alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations. The EEOC is producing the Form W2's produced for Corley, Crews and Parrish, which are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**       All documents pertaining to any and all insurance, retirement, health and/or welfare benefits that the Individuals Represented have received from any employer beginning on the cessation of their employment with Defendants through the present, including, but not limited to, health insurance, life insurance, vacation, bonuses, thrift plans, stock options, and any other benefit of employment resulting in any monetary gain to Individuals Represented. Please designate and separate these documents for each individual.

> **RESPONSE:** Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overly broad, unreasonably cumulative, duplicative and unduly burdensome and is not proportional to the needs of the case. Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overly broad, unreasonably cumulative, duplicative and unduly burdensome and is not proportional to the needs of the case. The EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While future benefits information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations. The EEOC is producing the Form W2's produced for Corley, Crews and Parrish, which are responsive to this request.
>
> Mr. Crews did not receive any fringe benefits in his subsequent employment. As such there are no responsive documents to this request which pertain to Mr. Crews.
>
> Mr. Corley only received fringe benefits while working for Cetco. He has attempted to request a summary of his fringe benefits through Cetco; however, to date, Cetco has been unable or unwilling to provide that information to Mr. Corley. He does not have any other responsive documents.
>
> Mr. Parrish receives contributions to a 401k profit sharing plan through his current employer. This is the only added employment benefit he has received with any of his employers after being terminated by Defendant.

11

The EEOC is producing a copy of the summary of the value of his 401k profit sharing account in response to this request. (EEOC 003769).

**REQUEST FOR PRODUCTION NO. 13:**        All versions of résumés, or any draft of résumés, Individuals Represented have prepared at any time between 2010 and the present. Please designate and separate these documents for each individual.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. Resumes were not considered as part of the employment process, as demonstrated by the personnel files of the claimants and other witnesses, which were already produced to the EEOC during the investigation. Defendant was already aware of prior work history and prior job performance of claimants before hiring the claimants. Personnel files produced by Defendant during the EEOC's investigation show that all employees of Defendant, including the claimants, were hired by Defendant after submitting an application of employment (not a resume) which detailed their employment history, and after undergoing a background check which specifically covered employment verifications. Therefore, the information requested is irrelevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**        All documents regarding, concerning, or otherwise relating to the reason for any period of unemployment for Individuals Represented subsequent to the cessation of their employment with Defendants. This includes a request for all medical records, notes or letters evidencing a medical reason for the inability to gain or maintain employment. Please designate and separate these documents for each individual.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. Plaintiff further objects to the relevance of this request. Unemployment compensation, Disability income, insurance proceeds, and workers' compensation are considered benefits received from a party independent from the wrongdoer and should not be deducted from damages that the wrongdoer is otherwise compelled to pay. Under the "collateral source rule," offsets from employment discrimination awards are generally not deducted for benefits such as social security and unemployment compensation. *See Dominguez v. Tom James Co.*, 113 F.3d 1188, 1191 (11th Cir, 1997);*Guthrie v. JC Penney Co., Inc.*, 803 F.2d 202, 209 (5th Cir. 1986) (social security payments

12

received not to be deducted); *Marshall v. Goodyear Tire and Rubber Co.*, 554 F2d. 730, 736 (5th Cir. 1977) (no offsets for collateral source benefits); *Peters v Missouri Pac. RR,* 3 FEP Cas (BNA) 792 (ED Tex. 1971), *aff'd on other grounds,* 483 F.2d 490 (5th Cir.), *cert denied,* 414 US 1002 (1973). Subject to and without waiving said objections, Plaintiff EEOC will respond with respect to Damon Parrish, Adam Crews, and Trevor Corley, whom the EEOC has alleged were either terminated or constructively discharged in violation of Title VII. While future benefits information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations. The EEOC is producing the Form W2's produced for Corley, Crews and Parrish, which are responsive to this request. As to periods of unemployment based on medical reasons, no such documents exist as to Corley, Crews, and Parrish.  None of these claimants have been unable to work based on medical reasons.

**REQUEST FOR PRODUCTION NO. 15:**        All income tax returns, paycheck stubs, Form W-2s, Form W-4s, Form 1099s, or any other federal or state income tax documents for the years 2012 to the present for all Individuals Represented. Please designate and separate these documents for each individual.

**RESPONSE:**              Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome.

While future benefits information may be relevant to the issue of mitigation for Crews, Parrish, and Corley, the same cannot be said for the other claimants. With respect to the seven other claimants, the EEOC has not alleged either an unlawful termination or constructive discharge, and is not seeking back pay damages for lost earnings for the time period after October 2013, when the coiled tubing department in Pleasanton, Texas shut down operations.  The EEOC is producing the Form W2's produced for Corley, Crews and Parrish, which are responsive to this request. As to periods of unemployment based on medical reasons, no such documents exist as to Corley, Crews, and Parrish.  None of these claimants have been unable to work based on medical reasons.

Subject to and without waiving such objections, Plaintiff states as follows: The EEOC is producing the relevant 2012 and 2013 Form W2's from Nabors Completion and Production Services Company for the claimants for whom the EEOC is seeking back pay covering the period from January

1, 2012 through October 2013.  The EEOC is also producing the relevant Form W2's and Form 1099's (if applicable) for Corley, Parrish and Crews concerning subsequent employment.

**REQUEST FOR PRODUCTION NO. 16:**        All medical records, appointment cards, letters, notes, billing statements correspondence, forms, reports, insurance claim forms and other documents evidencing or otherwise relating to, and/or evidencing any medical treatment, counseling, or care that Individuals Represented have received or sought on account of the emotional distress, pain, and/or suffering and/or mental anguish as a result of the allegations against Defendants. Please designate and separate these documents for each individual.

**RESPONSE:**        The EEOC is seeking compensatory damages for emotional distress. The Plaintiff does not intend to use medical records or medical testimony at trial to prove claims for mental anguish, but instead intends to rely on the testimony of fact witnesses to demonstrate that the claimants experienced emotional distress due to Defendant's unlawful practices. Where a plaintiff does not use medical records or medical testimony at trial in order to prove up claims for mental anguish, there is no reason to disclose such medical records. *See Burrell v. Crown Central Petroleum, Inc.*, 177 FRD 376, 384 (E.D. Tex. 1997) (*citing Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 809 (5th Cir. 1996)).

The EEOC has confirmed from the claimants that no such documents exist. None of the claimants have received medical treatment, professional counseling or professional care responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**        All documents, including medical records and reports, that were created, authored or reviewed by each person you identified as a fact witness that relate to the allegations in the Lawsuit.

**RESPONSE:**        The EEOC is seeking compensatory damages for emotional distress. The Plaintiff does not intend to use medical records or medical testimony at trial to prove claims for mental anguish, but instead intends to rely on the testimony of fact witnesses to demonstrate that the claimants experienced emotional distress due to Defendant's unlawful practices. Where a plaintiff does not use medical records or medical testimony at trial in order to prove up claims for mental anguish, there is no reason to disclose such medical records. *See Burrell v. Crown Central Petroleum, Inc.*, 177 FRD 376, 384 (E.D. Tex. 1997) (*citing Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 809 (5th Cir. 1996)).

The EEOC has confirmed from the claimants that no such documents exist. None of the claimants have received medical treatment, professional counseling or professional care responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**        All    documents,    photographs,    slides, negatives, motion pictures, video or audio recordings or  other visual reproduction relating to the allegations against Defendants and/or to the damages  claimed in the Lawsuit.

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. The EEOC also objects in that the EEOC does not have control over all such documents identified in the request. Notwithstanding the objection, all such responsive, non-privileged documents in the possession of the EEOC have been produced by the EEOC as part of the EEOC's Rule 26 disclosures and in supplementary disclosures accompanying these responses.

**REQUEST FOR PRODUCTION NO. 19:**        All documents evidencing, supporting, or relating to any claim for attorneys' fees in this matter,  if any, including any bills, contracts, written agreements, invoices, time records, expense reports  or other documents.   Please designate and separate these documents for each individual.

**RESPONSE:**        Plaintiff objects as to the relevance of this request.   A request for documentation as to the basis for attorney's fees is premature. Should the EEOC seek attorney's fees in this lawsuit, the EEOC will comply with the Court's orders as to the submission of documents supporting a claim for attorney's fees.

**REQUEST FOR PRODUCTION NO. 20:**        All statements, studies, reports and all data used in the preparation of the reports conducted by an  expert used for consultation and who is not expected to be called as a witness at trial, where the  consulting expert's work product forms a basis, either in whole or in part, of the opinions of an  expert who is to be called as a witness.

**RESPONSE:**        The EEOC has not designated an expert witness in this case; therefore, no responsive information to this request exists.  In the event that the EEOC retains an expert witness to testify at trial, the EEOC will supplement its responses to identify such expert and provide all information required under the Local Rules and the Federal Rules of Civil Procedure. Additionally, in the event that Defendant retains an expert witness to testify at trial, the EEOC will determine if a rebuttal expert is necessary.

15

**REQUEST FOR PRODUCTION NO. 21:**         All contracts, written agreements, reports, bills, invoices, statements or other requests for  payment, together with all attachments and supporting documentation with any individual or  entity who may be called as a witness at trial, including any documents reflecting charges for the  time or service of any expert who may be called as a witness.

**RESPONSE:**         The EEOC has not designated an expert witness in this case at this time; therefore, no responsive information to this request exists.  In the event that the EEOC retains an expert witness to testify at trial, the EEOC will supplement its responses to identify such expert and provide all information required under the Local Rules and the Federal Rules of Civil Procedure, and in accordance with the Court's Scheduling Order. Additionally, in the event that Defendant retains an expert witness to testify at trial, the EEOC will determine if a rebuttal expert is necessary.

**REQUEST FOR PRODUCTION NO. 22:**         All statements, studies, reports, and other data used in the preparation of any reports conducted  by any expert or expert witness whom you intend to call to testify in connection with this matter.

**RESPONSE:**         The EEOC has not designated an expert witness in this case at this time; therefore, no responsive information to this request exists.  In the event that the EEOC retains an expert witness to testify at trial, the EEOC will supplement its responses to identify such expert and provide all information required under the Local Rules and the Federal Rules of Civil Procedure, and in accordance with the Court's Scheduling Order. Additionally, in the event that Defendant retains an expert witness to testify at trial, the EEOC will determine if a rebuttal expert is necessary.

**REQUEST FOR PRODUCTION NO. 23:**         All documents regarding other legal disputes, civil or criminal, in which the Individuals  Represented have been involved, including but not limited to, divorce and bankruptcy records  and settlement agreements. Please designate and separate these documents for each individual.

**RESPONSE:**         Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overbroad and irrelevant in that it seeks information concerning "criminal charges." According to FED.R.EV.609, evidence that a witness has been "**convicted**" of a crime shall be admitted, subject to Rule 403, only if certain requirements are met as described under Rule 609. The EEOC has investigated whether any such convictions have occurred which may be

16

used for impeachment of the claimants at trial. Based on the EEOC's investigation, no such convictions exist.

With respect to civil legal disputes, the EEOC objects in that the request is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. None of the claimants have been parties to Title VII lawsuits or discrimination lawsuits, and none have testified at trial. There are no relevant bankruptcy records. The EEOC has provided sufficient case information regarding Trevor Corley's divorce proceedings to conduct its own review of those proceedings through the county records system for Delta County.

**REQUEST FOR PRODUCTION NO. 24:**   Copies of all documents, exhibits, demonstrative aids, and other material you intend to use at the trial of this matter.

**RESPONSE:**   Plaintiff EEOC has not determined at this time what exhibits it intends to offer at trial. However, those documents which the Plaintiff will offer for trial will be disclosed as part of the EEOC's Rule 26 disclosures. Plaintiff EEOC will produce such exhibits in accordance with the Court's instructions and deadlines as set out in the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 25:**   All documents evidencing or reflecting that the Individuals Represented are entitled to mental anguish damages, including pain, suffering, loss of enjoyment of life, and humiliation. Please separate these documents for each individual and designate the same.

**RESPONSE:**   All such responsive documents in the EEOC's possession have been produced as part of the EEOC's Rule 26 disclosures. The EEOC will supplement if additional documents responsive to this request are obtained by the EEOC.

**REQUEST FOR PRODUCTION NO. 26:**   All documents evidencing or reflecting that the Individuals Represented are entitled to punitive damages, including any documents to support your claim of "malicious and reckless conduct" as alleged in your Complaint.

**RESPONSE:**   All such responsive documents in the EEOC's possession have been produced as part of the EEOC's Rule 26 disclosures. The EEOC will supplement if additional documents responsive to this request are obtained by the EEOC.

**REQUEST FOR PRODUCTION NO. 27:**       All social media postings including but not limited to Facebook and Twitter you contend give rise to liability for any Defendant in this Lawsuit.

**RESPONSE:**       All such responsive documents in the EEOC's possession have been produced as part of the EEOC's Rule 26 disclosures.  The EEOC will supplement if additional documents responsive to this request are obtained by the EEOC.

**REQUEST FOR PRODUCTION NO. 28:**       Any documents or communications between you and any employee or representative of Defendants regarding or relating to the allegations made the basis of your Complaint.

**RESPONSE:**       The EEOC objects to the extent it seeks information protected from disclosure as attorney work product. Notwithstanding such objections, any correspondence between the EEOC and employees or representatives of Defendant is already in Defendant's possession, as all such responsive documents were submitted directly to Defendant's opposing counsel during the EEOC's investigation and during subsequent proceedings. The EEOC will supplement if other documents are obtained by the EEOC.

**REQUEST FOR PRODUCTION NO. 29:**       To the extent not encompassed by the foregoing requests, all documents that support your claim in the Lawsuit for wages or other compensation.

**RESPONSE:**       All such responsive documents in the EEOC's possession have been produced as part of the EEOC's Rule 26 disclosures.  The EEOC will supplement if additional documents responsive to this request are obtained by the EEOC.

**REQUEST FOR PRODUCTION NO. 30:**       Defendant requests that each of the Individuals Represented execute and return the Employment Record Authorization that is attached to this Request for Production of Documents as *Exhibit A*.

**RESPONSE:**       Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. Defendant was already aware of prior work history and prior job performance of claimants before hiring the claimants. Personnel files produced by Defendant during the EEOC's investigation show that all employees of Defendant, including the claimants, were hired by Defendant after submitting an application of employment which detailed their employment history, and after

18

undergoing a background check which specifically covered employment verifications. Prior employment history is not a material issue raised as a defense in this case, and is irrelevant. As to employment history after the claimant's employment ended with Defendant, the EEOC has concerns that such a request as part of an employment discrimination lawsuit could subject claimants to retaliation by current employers. Therefore, the EEOC is instead requesting the relevant documentation of work and pay history directly from the claimants. The EEOC will forward such responsive documentation to Defendant when it is received from the claimants.

**REQUEST FOR PRODUCTION NO. 31:**     Defendant requests that each of the Individuals Represented execute and return the Medical Authorization that is attached to this Request for Production of Documents as *Exhibit B*.

**RESPONSE:**          The EEOC is seeking compensatory damages for emotional distress and mental anguish. None of the claimants have sought medical or professional counseling or treatment for such emotional distress and mental anguish. The Plaintiff does not intend to use medical records or medical testimony at trial to prove claims for mental anguish and emotional distress, but instead intends to rely on the testimony of fact witnesses to demonstrate that the claimants experienced emotional distress and mental anguish due to Defendant's unlawful practices. Where a plaintiff does not use medical records or medical testimony at trial in order to prove up claims for mental anguish, there is no reason to disclose such medical records. *See Burrell v. Crown Central Petroleum, Inc.*, 177 FRD 376, 384 (E.D. Tex. 1997) (*citing Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 809 (5th Cir. 1996)). No relevant medical records responsive to this request exist. Therefore, such a release is unnecessary.

**REQUEST FOR PRODUCTION NO. 32:**     Defendant requests that each of the Individuals Represented execute and return the SSA-7050- F4, "Request for Social Security Earnings" Form that is attached as *Exhibit C*.

**RESPONSE:**          Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is overly broad, unreasonably cumulative, duplicative and unduly burdensome. Plaintiff further objects to the relevance of this request. Unemployment compensation, Disability income, insurance proceeds, and workers' compensation are considered benefits received from a party independent from the wrongdoer and should not be deducted from damages that the wrongdoer is otherwise compelled to pay. Under the "collateral source rule," offsets from employment discrimination awards

19

are generally not deducted for benefits such as social security and unemployment compensation. *See Dominguez v. Tom James Co.*, 113 F.3d 1188, 1191 (11th Cir, 1997);*Guthrie v. JC Penney Co., Inc.,* 803 F.2d 202, 209 (5th Cir. 1986) (social security payments received not to be deducted); *Marshall v. Goodyear Tire and Rubber Co.*, 554 F2d. 730, 736 (5th Cir. 1977) (no offsets for collateral source benefits); *Peters v Missouri Pac. RR,* 3 FEP Cas (BNA) 792 (ED Tex. 1971), *aff'd on other grounds,* 483 F.2d 490 (5th Cir.), *cert denied,* 414 US 1002 (1973).

None of the claimants have received social security benefits. There are no records responsive to this request. As such, the release is unnecessary.

**REQUEST FOR PRODUCTION NO. 33:**        Defendant requests that each of the Individuals Represented execute and return the IRS Form 4506, "Request for Copy of Tax Return" that is attached as *Exhibit D.*

**RESPONSE:**        The EEOC has requested relevant tax documents identifying income earned by the claimants. The EEOC is producing the Form W2's dating back to 2012 for Corley, Crews, and Parrish, for whom the EEOC is seeking back pay based on claims or unlawful termination or constructive discharge. Those documents are being forwarded to Defendant by the EEOC. The EEOC is also forwarding the relevant 2012 and 2013 Form W2's from Nabors Completion and Production Services Company for the other claimants employed in the coiled tubing department during 2012 and 2013 for whom the EEOC is seeking lost compensation based on discriminatory field assignments. The EEOC is also in the process of obtaining other relevant tax documents through the IRS for some of the claimants who do not currently have copies of the responsive documents. The EEOC will forward the responsive documents to to Defendant when received from the IRS.

**REQUEST FOR PRODUCTION NO. 34:**        Defendant requests that each of the Individuals Represented execute and return the Authorization  for Release of Educational Records that is attached as *Exhibit E.*

**RESPONSE:**        Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent that it is unreasonably cumulative, duplicative, and thus unduly burdensome and is not relevant to the claims in this lawsuit, and is not proportional to the needs of the case. The personnel files of claimants and other employees of Defendant produced to the EEOC indicate that an applicant's educational history or lack thereof was not a factor in hiring of the claimants and their comparators. For example, Christopher Jones, who

was employed as a district manager in Pleasanton, Texas, during 2012 was hired by Defendant as a coiled tubing supervisor after disclosing to Defendant that he had not graduated from high school. Christopher Jones' job application indicates he completed a General Educational Development Test or "GED", a test given to persons who have not graduated from high school. Former supervisors privy to the hiring process have also confirmed to the EEOC that such educational records being requested by the Defendant were not part of the hiring selection process. Given that Defendant did not base hiring on such educational records and did not place emphasis on the applicant's level of completed education, the claimant's educational records are irrelevant.

**REQUEST FOR PRODUCTION NO. 35:**      All written complaints made to Defendants by the Individuals Represented, or any employee of Defendants whose complaint relates to the allegations raised in the Lawsuit.

**RESPONSE:**          The Plaintiff has produced a copy of the complete EEOC investigative file for Adam Crews, Tihiran Myers, Damon Parrish and Terence Smith's EEOC charge, minus privileged documents, as part of its Rule 26 disclosures, in addition to the other evidence gathered by the EEOC during the investigation. The documents responsive to this request received by the EEOC during its investigation have been produced to Defendant through the EEOC's Rule 26 disclosures or in the EEOC's supplemental disclosures.

**REQUEST FOR PRODUCTION NO. 37:**      All documents relating to complaints made to Defendants by the Individuals Represented, or any employee of Defendants whose complaint relates to the allegations raised in the Lawsuit.

**RESPONSE:**          Plaintiff objects to this request pursuant to FED.R.CIV.P. 26, to the extent it seeks documents drafted memoranda and notes of EEOC attorneys and EEOC personnel created in anticipation of litigation which constitute attorney work product, documents protected from disclosure under the deliberative process privilege, as well as confidential communications between the EEOC's counsel, Charging Parties, identified class members and Intervenor's counsel, which are protected from disclosure under the attorney-client privilege and the common interest rule.

The EEOC also objects that the request is unreasonably cumulative, duplicative, and thus unduly burdensome, and does not describe with reasonable particularity what is being requested by Defendant, and is not proportional to the needs of the case.

21

The Plaintiff has produced a copy of the complete EEOC investigative file for Adam Crews, Tihiran Myers, Damon Parrish and Terence Smith's EEOC charge, minus privileged documents, as part of its Rule 26 disclosures, in addition to the other evidence gathered by the EEOC during the investigation.  The documents responsive to this request received by the EEOC during its investigation have been produced to Defendant through the EEOC's Rule 26 disclosures or in the EEOC's supplemental disclosures.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
Email: eduardo.juarez@eeoc.gov

DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF EEOC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 9th day of June 2017 to the following counsel of record:

James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
1808 Travis Street, 20th Floor
Houston, Texas 77002

☐ Electronic Transmission
☐ Facsimile Transmission
☐ Certified Mail, RRR
☐ U.S. First Class Mail
☑ Email Transmission

_____
DAVID RIVELA

23