**FILED**

NOV **1 3** 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 5:16-cv-00758-FB-RBF |
| NABORS CORPORATE SERVICES, INC. and C&J WELL SERVICES, INC. | § § § § | |
| Defendants. | § § § | |

## CONSENT DECREE

The Parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and Defendants, Nabors Corporate Services, Inc. ("NCS") and C&J Well Services, Inc. ("CJWS") (hereinafter collectively "Defendants"). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action No. 5:16-cv-00758-FB-RBF. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Plaintiff's Third Amended Complaint in this lawsuit asserts unlawful employment practices on the basis of race, Black, and retaliation, and seeks to provide appropriate relief for Adam Crews, Damon Parrish, Terence Smith, Tiharan Myers and other aggrieved Black employees as well as other employees who engaged in protected activity, including Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, and Trevor Corley, as they were allegedly adversely affected by these unlawful employment practices. More specifically, the EEOC alleges that Defendants subjected Black employees to a hostile work environment because

of their race, Black, and subjected Black employees to discharge and disparate terms and conditions of employment, including job assignments and compensation, all based on race.

Further, the EEOC alleges that Defendants violated §704(a) of Title VII, by subjecting employees to unlawful retaliation for engaging in protected activities, which included opposition to unlawful discrimination and participation in an EEOC investigation.

Defendants deny the allegations in the above-referenced Complaint, deny engaging in any unlawful conduct under Title VII, and deny wrongdoing of any kind.

The EEOC and Defendants wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree. This Consent Decree is a compromise of disputed claims, entered into to avoid the costs, delay, and expense of protracted litigation, and any payments or undertakings by Defendants set forth in this Consent Decree should not be construed as an admission of liability by Defendants.

Having carefully examined the terms and provisions of the Consent Decree, the Court finds as follows:

a.      The Court has jurisdiction over the subject matter of this action, the Parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper, and all administrative prerequisites to the EEOC's filing have been met.

b.      The terms of the Consent Decree are reasonable and just in accordance with the Federal Rules of Civil Procedure and Title VII.

c.      The entry of this Consent Decree will further the objectives of Title VII, and will be in the best interest of the Parties, the individuals for whom the EEOC seeks relief, and the public.

NOW, THEREFORE, in consideration of the mutual promises and agreements between the Parties, as set forth herein, the sufficiency of which is hereby acknowledged, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.      This Consent Decree fully and finally resolves all issues raised by the EEOC in this civil action, and the following Charges of Discrimination relating to or that form the basis of this civil action: EEOC Charge Nos. 451-2012-02939 filed by Adam Crews; 451-2012-02871 filed by Duane Jewell; 451-2012-02873 filed by Tiharan Myers; 451-2012-02759 filed by Damon Parrish; and 451-2012-02876 filed by Terence Smith. The EEOC waives further litigation of all claims raised in the above-referenced Complaint (as amended). The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendants.

2.      This Court shall retain jurisdiction to enforce the terms of this Consent Decree.

3.      During the term of this Consent Decree, Defendants, their officers, employees, and all persons in active concert or participation with them, are enjoined from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on race, Black, any employment practice which has the effect of discharging any employees based on race, denying job assignments and compensation to employees based on race or any other employment practices which discriminate on the basis of race.

4.      During the term of this Consent Decree, Defendants, their officers, employees, and all persons in active concert or participation with them, are enjoined from engaging in reprisal or any form of retaliation against any person because such person has resisted, objected to, complained about, or otherwise opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any

3

investigation, proceeding, or hearing under Title VII or asserted any rights under this Consent Decree.

5.     Within thirty (30) days from the entry of this Consent Decree or Defendants' receipt of distribution instructions from the EEOC, whichever date is later, Defendant NCS, on behalf of itself and CJWS, shall, in settlement of this dispute, pay a total sum of $1,225,000.00 (One Million Two Hundred Twenty-five Thousand Dollars) to resolve all claims, which will be paid and apportioned to Adam Crews, Damon Parrish, Terence Smith, Tiharan Myers, Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier and Trevor Corley (collectively, the "identified class members") as will be identified, and directed for allocation (including allocation of wage and non-wage income) by the EEOC in separate correspondence to the Defendants within fourteen (14) days of the Effective Date of this Consent Decree. Payments shall be made by certified check; and a copy of all the settlement checks and any accompanying transmittal documents shall be forwarded to Eduardo Juarez, Supervisory Trial Attorney, San Antonio Field Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

6.     Any amounts owed by an individual class member to any third party as a result of this settlement, pursuant to a contract, agreement, or court order, including, but not limited to attorneys' fees, costs, expenses, and/or obligations under any divorce decree or agreement, shall be the sole responsibility of the individual class member, and shall be payable out of the proceeds allocated to the individual class member as set forth in the abovementioned correspondence. Defendants are in no way responsible for any amounts allegedly owed by an individual class member to any third party.

7.     If Defendants fail to tender payment or otherwise fail to timely comply with the

4

terms of paragraph 5 above, Defendants shall:

    (a)    Pay interest at the maximum rate allowed by law for any untimely or unpaid amounts; and

    (b)    Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendants.

8.    In consideration of receiving any monetary award pursuant to this Consent Decree, as set forth in paragraph 5 above and the correspondence mentioned in same, and as a condition of receiving such award, each identified class member releases his claims under Title VII as set forth in this lawsuit.

9.    Defendants, their agents, officers, employees, and servants, in furnishing oral or written references concerning Adam Crews, Damon Parrish, Terence Smith, Tiharan Myers, Chris Ibezim, Gary Watson, Ronald White, Harold Taylor, Michael Peltier, and Trevor Corley  to prospective employers, shall provide a neutral reference for the identified class members. Defendants shall verify employment dates and positions held by the identified class members to any inquiring employer, but shall make no reference to matters arising under or relating to any charges of employment discrimination and/or this lawsuit and shall not assign blame or provide any negative information on the identified class members as to the reasons for cessation of employment of any of the class members. This provision is subject to Defendants' obligations to adhere to any U.S. Department of Transportation requirements relating to past employer verification. This provision shall survive the expiration of the Consent Decree.

10.    Defendants will maintain  policies regarding social media use and information technology assets that prohibit the use of company email, software, or hardware or any company-issued communication device in such a way as to engage in racially offensive communication or other conduct that is determined by the companies' office of  human resources to be detrimental

to the companies' commitment to a discrimination-free workplace. Defendants' policies will provide that use of personal social media in a way that evidences insulting or hostile attitudes based on race is subject to consideration by the companies regarding suitability of the employee for continued employment. Within thirty (30) days from the entry of this Consent Decree, Defendant NCS agrees to re-distribute its social media and information technology policies to all employees in the State of Texas. Within thirty (30) days from the entry of this Consent Decree, Defendant CJWS agrees to re-distribute its social media and information technology policies to all employees assigned to facilities or locations within the South Texas region as of the date of entry of this Consent Decree.

      11.     Defendants will maintain policies prohibiting discrimination on the basis of race and retaliation that are sufficient to meet the following criteria:

(a)    State that Defendants: (i) prohibit discrimination against any employee or applicant for employment on the basis of race in violation of Title VII; (ii) prohibit any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of race, in violation of Title VII; and, (iii) prohibit any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile through acts such as derogatory comments based on race, in violation of Title VII;

(b)    Provide for prompt investigation of race-based discrimination and/or retaliation complaints and for prompt action, which is appropriate and effective, to remedy the discrimination;

(c)    Provide that when such complaints are made, findings of the results of the investigation and the remedial actions proposed and/or taken are made and maintained in Defendants' files, and that the results of the investigation and remedial actions taken are promptly communicated to the complainant as appropriate;

(d)    Provide for discipline for violating Defendants' discrimination policies up to and including discharge; and

(e)    Provide that Defendants shall not take any reprisal action, in any manner whatsoever, against an employee for having opposed any employment practice made unlawful by Title VII, or for complaining based on their reasonable belief

about race-based discrimination, retaliation or other unlawful discrimination, or for filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

Within thirty (30) days from the entry of this Consent Decree, Defendant NCS agrees to re-distribute its discrimination and anti-harassment policy to all employees in the State of Texas. Within thirty (30) days from the entry of this Consent Decree, Defendant CJWS agrees to re-distribute its discrimination and anti-harassment policy to all employees assigned to facilities or locations within the South Texas region as of the date of entry of which this Consent Decree.

12.     Defendants agree to certify in writing to the EEOC within ten (10) days of re-distributing the above-referenced policies to their current respective employees as set forth above. During the remaining term of this Consent Decree, Defendants shall continue to distribute this policy to each employee hired during the term of this Consent Decree.  Defendants shall certify, in writing to the EEOC, within thirty (30) days of each annual anniversary of the effective date of this Decree that Defendants have provided a copy of this policy to all employees hired during the year of that annual anniversary.

13.     Defendants shall maintain complaint procedures that are designed to encourage employees to come forward with complaints regarding violations of their respective policies prohibiting race-based discrimination, harassment, and retaliation. Defendants' complaint procedures shall provide all the following:

(a)     Simple, convenient, confidential, and reliable mechanisms for reporting incidents of race-based discrimination, harassment, and/or retaliation;

(b)     Prompt investigation of any race-based discrimination, harassment, and/or retaliation claims, complaints and/or allegations;

(c)     Written findings of the results of any investigation of a race-based discrimination complaint made through Defendants' HR Departments and respective reporting hotlines and the remedial actions proposed and/or taken, if any;

(d)     An effective means of promptly communicating to the complaining party, in writing, the results of the investigation and the remedial actions proposed and/or taken following a race-based discrimination, harassment, and/or retaliation complaint made through Defendants' HR Departments and respective reporting hotlines;

(e)     Appropriate remedial action to resolve the complaint and to deter future incidents of race-based discrimination, harassment, and retaliation; and

(f)     Assurances that the complainant(s) shall not be subjected to intimidation, harassment and/or retaliation.

14.     Within one hundred twenty (120) days from the entry of this Consent Decree, Defendant NCS shall provide not less than one and a half hours of Title VII training to all its current employees based in the State of Texas, and Defendant CJWS shall provide not less than one and a half hours of Title VII training to all its current employees assigned to facilities or locations within the South Texas region as of the date of entry of this Consent Decree.

(a)     All employees will be paid their normal rate of pay, and the training will occur during their normally scheduled workdays and work hours. Defendants shall bear all costs associated with these training sessions;

(b)     The training shall cover: (1) the historical support for Title VII prohibitions against race discrimination, harassment, hostile work environment and retaliation; (2) a legally sufficient definition of race harassment and retaliation; (3) examples of comments and conduct that alone, or together, might constitute race discrimination (including discharge and terms and conditions of employment) and harassment (including examples involving the use of racist content on social media by employees); (4) examples of comments and conduct that alone, or together, might constitute retaliation; (5) Defendants' anti-racial discrimination policies, procedures, practices and programs; (6) consequences if managers do not follow or enforce Defendants' policies. Defendants will include a segment on the Commission's Compliance Manual, Section 15, Race and Color Discrimination;

(c)     The training shall be conducted by an attorney licensed in the State of Texas who regularly advises on employment law issues or by Defendants' human resources personnel.  Defendants' counsel shall send a copy of the training presentation outline(s) to the EEOC at least fifteen (15) days before any training session occurs. Multiple training sessions may be offered, and may occur either in person or by video or computer based presentation.  The Parties agree that any training of Defendants' employees which occurs within sixty (60) days prior to entry of this

8

Consent Decree and is consistent with the requirements in subsections (b) and (c) is sufficient to meet the terms of the Consent Decree;

(d)    During the term of this Consent Decree, Defendants shall, within one hundred twenty (120) days of each anniversary of the effective date of this Consent Decree, provide not less than one (1) hour of Title VII refresher training to such employees, in accordance with terms set forth in this Section; and

(e)    During the periods in which the initial training and refresher training are provided, Defendants shall certify to EEOC, in writing, the date that the required training was first offered.  During the one hundred twenty (120) day period the training is offered, Defendants shall provide to the EEOC on a monthly basis a written report identifying the personnel who took the training during the prior month. Such certification shall include: (i) The date, manner, and duration of the training; and (ii) A copy of the registry of attendance which shall include the name and position or title of each person in attendance.  Defendants shall make their best faith efforts to ensure all relevant employees complete the training in a timely manner.

15.    During the term of this Consent Decree, on the anniversary of the effective date of this Consent Decree, Defendant NCS shall notify the EEOC of any complaints of race discrimination or retaliation made through its HR Department and reporting hotline by any employee of Defendant NCS in the State of Texas.  In reporting the complaints to the EEOC, Defendant will provide the following information: (a) Name of Complainant; (b) Date of complaint; (c) Content of complaint; (d) Status of complaint; and (e) Disposition of complaint and date of disposition.

16.    Within ten (10) days from the entry of this Consent Decree, Defendant NCS shall post copies of the Notice attached as Exhibit "A" to this Decree at its  facilities in the State of Texas, and Defendant CJWS shall post copies of the Notice in its facilities in the South Texas region, in conspicuous locations easily accessible to and commonly frequented by employees.  The Notice shall remain posted for the duration of this Decree.  Defendants shall ensure that the postings are not altered, defaced, or covered by any other material.

17.     Defendants and successor employers shall not rehire into any job position the former employees identified by the EEOC in this paragraph:

- Chris Jones, former CT District Operations Manager of NCPS;
- James Hacker, former CT Operations Manager for NCPS;
- Eric Bicknell, former Operations Manager; and
- Erik Price, former Stimulation Manager.

Defendants will place a copy of the Consent Decree in these individuals' personnel files.

18.     The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may, following a five (5) business day notice period:

(a)     Conduct inspections at Defendant NCS's facilities in the State of Texas;

(b)     Interview employees; and

(c)     Examine and copy relevant documents.

19.     All communications required by Defendants to the EEOC under the Consent Decree shall be made in writing to Eduardo Juarez, Supervisory Trial Attorney, San Antonio Field Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229. All communications required by the EEOC to Defendants under the Consent Decree shall be made in writing to James M. Cleary, Jr., Martin, Disiere, Jefferson & Wisdom, L.L.P., 808 Travis Street, Suite 1100, Houston, Texas 77002.

20.     Defendants shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

21.     The terms of this Decree shall be binding upon the EEOC and Defendants, their respective agents, officers, employees, servants, successors, and assigns, as to the issues resolved in this civil action.

22.     The duration of this Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of

this Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification, and/or adjudication of disputes.

23.     If a Party believes that another Party has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the Party's claim of non-compliance.  The Party alleged to be in non-compliance shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the complaining Party regarding the alleged violation, during which time the Party shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendants, and neither party will unreasonably withhold an agreement to extend. If the Parties are unable to resolve their dispute regarding the alleged violation, then any Party may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division.  Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such enforcement.

24.     Beyond any amounts to be paid in settlement referenced above, the parties to this Consent Decree will pay to each other no additional costs or attorney fees.

25.     This Consent Decree constitutes the complete understanding among the Parties with respect to the matters herein.

26.     The effective date of this Consent Decree will be the date when it is signed and filed by the Court.

11

SO ORDERED AND ENTERED this _13_ day of _November_, 2019.

HONORABLE FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

**ATTORNEYS FOR DEFENDANTS**

JAMES M. CLEARY, JR.
State Bar No. 00783838
E-Mail: cleary@mdjwlaw.com

LESLIE T. TAN
State Bar No. 24046998
E-Mail: tan@mdjwlaw.com

**MARTIN, DISIERE, JEFFERSON & WISDOM,
L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR PLAINTIFF**

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Edward Juarez by permission of
Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

PHILIP MOSS
Trial Attorney

12

Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**EXHIBIT A**

**NOTICE AS REQUIRED UNDER TITLE VII OF**
**THE CIVIL RIGHTS ACT OF 1964**

1.      This <u>NOTICE</u> to the employees of Nabors Corporate Services, Inc. and C&J Well Services, Inc. is being posted as part of a Consent Decree entered into between Nabors Corporate Services, Inc., C&J Well Services, Inc., and the U.S. Equal Employment Opportunity Commission.

2.      Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Nabors Corporate Services, Inc. and C&J Well Services, Inc., in particular, will not tolerate race-based discrimination, or retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including racial discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

3.      Nabors Corporate Services, Inc. and C&J Well Services, Inc. strongly supports and will comply with such Federal law in all aspects and it will not take any action against employees because they have exercised their rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission. Retaliation is the punishment of an employee for engaging in a protected activity, such as filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

    *       Suspension;
    *       Reduction of pay;
    *       Discharge;
    *       Reassignment of job duties;
    *       Reduction of work hours; and/or
    *       Reassignment to a different work shift.

   This list is in no means exhaustive. There are other forms of retaliation.

4.      Race discrimination occurs when an employment decision is made based on a person's race rather than on legitimate factors.  Thus, if an employer refuses to hire or promote a Black applicant because of his/her race, then that employer violates Title VII. Discrimination is often a result of stereotypes. In some cases, those stereotypes extend to all members of a disfavored group. If race plays a role in the employment decision-making process, the employment decision is illegal race discrimination. Some examples of race discrimination are:

14

* Refusing to hire a particular race;
* Segregating persons into job group or departments by race;
* Treating employees of one race better than employees of another race;
* Physically mistreating someone because of his/her race;
* Allowing race-based graffiti to exist on the premises; and/or
* Using ethnic slurs and name-calling based on an individual's race in the workplace.

This list is by no means exhaustive. There are other forms of race discrimination.

5.  If you believe you are being discriminated against in any term, condition or privilege of your employment because of your race, religion, color, national origin, sex, or that you are being retaliated against for having engaged in Title VII-protected activity, you are encouraged to seek assistance or to report the alleged act as soon as possible to your immediate supervisor or any supervisor or manager with Nabors Corporate Services, Inc. and C&J Well Services, Inc. or to their Human Resources Departments. The Nabors Corporate Services, Inc. Human Resources Department may be contacted at 515 West Greens Road, Suite 1200, Houston, Texas 77057 or by telephone at (281) 874-0035. Complaints may also be submitted through the Nabors Hotline at +1 (877)-NABORS7/+1 (877)-622-6777 (US) and +1 (770) 582-5254 (International). The C&J Well Services Human Resources Department may be contacted at 3990 Rogerdale Road, Houston, Texas 77042 or by telephone at (713) 325-6000.  Complaints may also be submitted through the C&J Hotline at 1-844-472-2438.  Supervisors and managers who are informed of an alleged incident of discrimination and/or retaliation must immediately notify the Human Resource Department.

    In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; (866) 408-8075, (800) 669-4000 OR (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

6.  No retaliatory action may be taken against you for seeking assistance, filing a charge, or communicating with the U.S. Equal Employment Opportunity Commission.

7.  EEOC enforces Title VII of The Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex (including pregnancy, sexual orientation and gender identity) or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; sections of the Civil Rights Act of 1991; and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY
ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO YEARS,